Mark A. Crabtree, OSB #015070
Mark.Crabtree@jacksonlewis.com
Kira J. Johal, OSB #193178
Kira.Johal@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St. Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SUZANNE ROSENBERRY, STACEY COFFEY, and OLIVER COFFEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUZANNE ROBERTI, MARCO ROBERTI, and JOHN ROBERTI, JR., individuals, and ROBERTI FOOD, LLC, Oregon limited liability company.<br><br>    Defendants. | Case No.: 3:20-cv-00026-YY<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

In response to Plaintiffs' Complaint, Defendants Suzanne Roberti, Marco Roberti, John Roberti, Jr., and Roberti Food, LLC ("Defendants") respond as follows:

Page 1 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

1.

In response to paragraph 1 of the Complaint, Defendants Suzanne Roberti, Marco Roberti, and John Roberti deny that they were individually doing business as Gildas, but admit they were each members of a limited liability company doing business as Gilda's Italian Restaurant. The remainder of paragraph 1 fails to set forth allegations of fact requiring a response. To the extent a response is required, Defendants deny each and every allegation contained therein, including implied assertion that they violated any legal obligation to Plaintiffs or that they are responsible for any loss or harm incurred by Plaintiffs.

2.

Paragraph 2 of the Complaint fails to set forth allegations of fact requiring a response. To the extent a response is required, Defendants deny each and every allegation contained therein, including any implied assertion that they violated any legal obligation to Plaintiffs or that they are responsible for any loss or harm incurred by Plaintiffs.

## FACTS CONSTITUTING CLAIMS FOR RELIEF

### Bounced Paychecks

3.

Given the vague nature of the allegations in paragraph 3 of the Complaint, Defendants are without sufficient knowledge, information or belief to admit or deny the allegations and on that basis deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

### Late Paychecks

4.

Given the vague nature of the allegations in paragraph 4 of the Complaint, Defendants are without sufficient knowledge, information or belief to admit or deny the allegations and on that

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

basis deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

### Unpaid Breaks

5.

Given the vague nature of the allegations in paragraph 5 of the Complaint, Defendants are without sufficient knowledge, information or belief to admit or deny the allegations and on that basis deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

### Wrongful Deductions

6.

In response to paragraph 6 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

### Tip Theft

7.

In response to paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

### CLASS ALLEGATIONS

8.

In response to paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## NUMEROSITY

9.

In response to paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

## COMMONALITY

10.

In response to paragraph 10 of the Complaint and each of its subparts, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

## TYPICALITY

11.

In response to paragraph 11 of the Complaint and each of its subparts, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

## ADEQUACY OF REPRESENTATION BY PLAINTIFFS

12.

In response to paragraph 12 of the Complaint and each of its subparts, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

## COMPLIANCE WITH ORCP 32H

13.

In response to paragraph 13 of the Complaint, Defendants admit the allegation therein.

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## SUPERIORITY OF CLASS TREATMENT

14.

In response to paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

## COLLECTIVE ALLEGATIONS

15.

In response to paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertion that Plaintiffs' allegations are appropriate for class or collective treatment.

## FIRST CAUSE OF ACTION

Unpaid Wages (non-federal-tax-based claims only)

16.

In response to paragraph 16 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 15 as if fully set forth herein.

17.

In response to paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

18.

In response to paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## SECOND CAUSE OF ACTION

Wrongful Deductions

19.

In response to paragraph 19 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 18 as if fully set forth herein.

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

20.

In response to paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

21.

In response to paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

### THIRD CAUSE OF ACTION

Oregon Minimum Wage

22.

In response to paragraph 22 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23.

In response to paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

24.

In response to paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

### FOURTH CAUSE OF ACTION

Oregon Overtime

25.

In response to paragraph 25 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

26.

In response to paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

Page 6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

27.

In response to paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## FOURTH CAUSE OF ACTION

Unpaid Wages Upon Termination

28.

In response to paragraph 28 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 27 as if fully set forth herein.

29.

In n response to paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

30.

In response to paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## SIXTH CAUSE OF ACTION

Conversion

31.

In response to paragraph 31 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32.

In response to paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

33.

In response to paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

Page 7 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## SEVENTH CAUSE OF ACTION

Breach of Contract

34.

In response to paragraph 34 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.

In response to paragraph 35 of the Complaint, Defendants admit that plaintiffs were informed about their rate of pay at the time of their hire. Defendants further admit that plaintiffs were informed whether they would eligible to receive gratuities. Defendants deny each and every other allegation contained therein, including any implied assertions.

36.

In response to paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

37.

In response to paragraph 37 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 36 as if fully set forth herein.

38.

Paragraph 38 of the Complaint is a statement of Plaintiffs' legal conclusion, which does not require a response. To the extent a response is required, Defendants deny each and every allegation contained therein, including any implied assertion that they violated any legal obligation to Plaintiffs or that they are responsible for any loss or harm incurred by Plaintiffs.

39.

In response to paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## NINTH CAUSE OF ACTION

Unjust Enrichment

40.

In response to paragraph 40 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

41.

In response to paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

42.

In response to paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## TENTH CAUSE OF ACTION

Money Had and Received

43.

In response to paragraph 43 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

44.

In response to paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

45.

In response to paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

///

///

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## ELEVENTH CAUSE OF ACTION

FLSA Minimum Wage

46.

In response to paragraph 46 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47.

In response to paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

48.

In response to paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## TWELFTH CAUSE OF ACTION

FLSA Overtime

49.

In response to paragraph 49 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 48 as if fully set forth herein.

50.

In response to paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

51.

In response to paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

///

///

Page 10 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## THIRTEENTH CAUSE OF ACITON

FLSA Tip Theft

52.

In response to paragraph 52 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 51 as if fully set forth herein.

53.

In response to paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

54.

In response to paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

## FOURTEENTH CAUSE OF ACTION

Accounting

55.

In response to paragraph 55 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 54 as if fully set forth herein.

56.

Paragraph 56 of the Complaint is a statement of Plaintiffs' legal conclusion, which does not require a response. To the extent a response is required, Defendants deny each and every allegation contained therein, including any implied assertion that they violated any legal obligation to Plaintiffs or that they are responsible for any loss or harm incurred by Plaintiffs.

57.

In response to paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

Page 11 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

### FIFTEENTH CAUSE OF ACTION

Declaratory Judgment

58.

In response to paragraph 58 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 57 as if fully set forth herein.

59.

In response to paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

### SIXTEENTH CAUSE OF ACTION

Doing business under an unregistered business name

60.

In response to paragraph 60 of the Complaint, Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 59 as if fully set forth herein.

61.

In response to paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

62.

In response to paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein, including any implied assertions.

### JURY TRIAL DEMAND

63.

Paragraph 63 of the Complaint fails to set forth allegations of fact requiring a response.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court award them and the class and collective members such actual, statutory, punitive (on motion), and other damages as set forth above in

Page 12 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

amounts to be proven at trial; award attorney fees, costs, disbursements, costs of the action, and expenses of suit; award pre-judgment interest as provided by law; order an accounting; declare Defendants' violations as enumerated above; and order such further or alternative relief as the Court deems appropriate.

## GENERAL DENIAL

Any allegations in the Complaint, including Plaintiff's Prayer for Relief, not expressly admitted, are denied.

## AFFIRMATIVE DEFENSES

By way of further answer and without waiving any allegations previously denied, the following affirmative defenses are asserted:

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted, either as to the Plaintiffs or as to those persons whom Plaintiffs purport to represent.

2. Plaintiffs' claims based on "bounced paychecks" are preempted by the statutory requirements and remedies in ORS 652.195 and ORS 30.701.

3. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitation. This defense also may apply to the claims of some or all of the class of putative class and collective members.

4. No individual defendant was an "employer" of Plaintiffs and/or the putative collective or class members under any applicable law.

5. Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA or Oregon law, are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendants were willful.

6. Defendants' actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the law, within the meaning of 29 U.S.C. § 260.

Page 13 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

Thus, even if Defendants are found to have violated the FLSA, Plaintiffs are not entitled to liquidated damages under the FLSA.

7.      Any claim for minimum wages or overtime wages under state or federal law is precluded by Congress's March 23, 2018 FLSA amendments, proving that the Department of Labor's prior tip pool regulations "shall have no further force or effect . . . ."

8.      Prior to March 23, 2018, "[t]here is no cause of action . . . for a freestanding 'tip' claim under 29 U.S.C. 203(m)." *Burney v. Dolich*, 2016 U.S. Dist. LEXIS 133311, at *16 (D. Or. 2016).

9.      Gilda's tip pool was voluntary amongst employees and tip sharing was mutually agreed upon by Plaintiffs, the putative collective or class members, and others.

10.     Plaintiffs and the putative collective and class members did not have a property right in the tips they voluntarily contributed to Gilda's tip pool.

11.     Plaintiffs' request for collective treatment should be denied in that Plaintiffs and the putative collective members are not similarly situated.

12.     This action may not be properly maintained as a class action because Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment, Plaintiffs cannot demonstrate numerosity, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiffs' claims are not representative or typical of the claims of the putative class, Plaintiffs are not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class.

13.     Plaintiffs' attempt to pursue their claims as a collective or class action fail because an independent and individual analysis of the claims of each Plaintiff, opt-in plaintiff, and putative class member, and each of Defendants' defenses, is required.

Page 14 – **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

14. Because liability may be not determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendants' rights to a jury trial under the Seventh Amendment.

15. Plaintiffs' attempt to pursue their claims on a collective action violates Defendants' constitutional rights to due process because Defendants each have a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action.

16. This case should not be allowed to proceed as a collective or class action because the resulting proceedings and trial would not be manageable.

17. Plaintiffs' proposed class definitions are vague and overbroad.

18. Some or all of Plaintiffs' claims and those of the putative collective classes are de minimis and/or are barred by the de minimis rule.

19. Some or all of Plaintiffs' claims are barred to the extent that Plaintiffs are seeking compensation for time which is non-compensable and/or non-working time.

20. Plaintiffs' claims are barred, in whole or part, by the doctrine of laches.

21. If the facts, as determined at trial, reveal that Plaintiffs reported to Defendants that they had been correctly and fully paid for all time worked, they should be estopped from recovering on any claim of uncompensated wages.

22. Plaintiffs' claims are barred, in whole or part, by the doctrine of unclean hands.

23. Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendants were at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

24. Plaintiffs and the putative class members' claims are offset by any amounts owed to Defendant, including, but not limited to, overpayments or other forms of unjust enrichment.

## RESERVATION OF RIGHTS

In further answer, Defendants reserve the right to add additional defenses and make further claims as may be warranted by discovery.

DATED: December 11, 2020.                Respectfully submitted,

JACKSON LEWIS P.C.


By: s/ Mark A. Crabtree
Mark A. Crabtree, OSB #015070
Mark.Crabtree@jacksonlewis.com
Kira J. Johal, OSB #193178
Kira.Johal@jacksonlewis.com
Attorneys for Defendants

Page 16 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

# DECLARATION OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** via:

- ☐ Electronic Mail
- X  E-file and Serve
- ☐ US Postal Service
- ☐ Facsimile Service
- ☐ Arranging for Hand Delivery

as follows on the date stated below:

Jon M. Egan, OSB #002467
JON M. EGAN, PC.
547 Fifth Street
Lake Oswego, OR 97034
info@eganlegalteam.com

DATED this 11th day of December, 2020.

By: s/ Delores Petrich
Delores Petrich

4834-2520-8532, v. 1

DECLARATION OF SERVICE

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)