**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SUZANNE ROSENBERRY, STACEY COFFEY, and OLIVER COFFEY,<br><br>          Plaintiffs,<br>     vs.<br><br>SUZANNE ROBERTI, MARCO ROBERTI and JOHN ROBERTI, JR., individuals; and ROBERTI FOOD, LLC, Oregon limited liability companies,<br><br>          Defendants. | Case No. 3:20-cv-00026-YY<br><br>**Class Counsel's Motion for Award of attorney fees, costs, and expenses, and Plaintiffs' motion for approval of service payment** |

**TABLE OF CONTENTS**

I. Attorney fees ...................................................................................................................2
   A. The result obtained ...................................................................................................5
   B. Counsel's experience and skill .................................................................................5
   C. The complexity of the issues ...................................................................................5
   D. The risks of nonpayment assumed by counsel ........................................................6
   E. The reaction of the class ..........................................................................................6
   F. Non-monetary or incidental benefits, including helping similarly situated persons nationwide by clarifying certain laws ......................................................................7
   G. The effort expended by class counsel, and comparison with counsel's lodestar ......7
      1. Standard for lodestar cross-check ........................................................................7
      2. Lodestar cross-check in this case .........................................................................9
II. Service Payments .............................................................................................................9
III. Conclusion .....................................................................................................................10

Counsel for the parties have conferred regarding the subject of this motion. Defendants take no position on the motion.

## MOTION

Plaintiffs and their counsel move the Court for an Order:

1. Awarding one third of the gross settlement ($33,000) in the above-captioned case as attorney fees, costs, litigation expenses, and administrative expenses; and

2. Approving a service payment to each named plaintiff of $5,000.

This motion is supported by the Declaration of Jon M. Egan.

### I. Attorney fees

Requests for attorney fees must be made by a motion pursuant to Federal Rules of Civil Procedure 54(d)(2) and 23(h), and notice of the motion must be served on all parties and class members. Fed. R. Civ. P. 23(h). When settlement is proposed along with a motion for class certification, notice to class members of the fee motion ordinarily accompanies the notice of the settlement proposal itself. Advisory Committee Notes to Fed. R. Civ. P. 23(h). The deadline for class members to object to requested fees must be set after the motion for the fees and documents supporting the motion have been filed. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." *Id.* at 994.

In considering the amount of attorney fees for class counsel where there is a common fund, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Under either method, the court must exercise its discretion to achieve a

**Motion for award of fees/costs/expenses and service payments**   Page 2

"reasonable" result. *Id.* Because reasonableness is the goal, "mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002).

"Because the benefit to the class is easily quantified in common-fund settlements, the Ninth Circuit has allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Applying this calculation method, courts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award, providing adequate explanation in the record of any "special circumstances" justifying a departure. *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.1990); *accord Powers,* 229 F.3d at 1256–57; *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir.1989). The exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Knight v. Red Door Salons, Inc.,* 2009 WL 248367 (N.D.Cal.2009); *see also In re Activision Sec. Litig.,* 723 F.Supp. 1373, 1377–78 (N.D.Cal.1989) ("nearly all common fund awards range around 30%").

"When considering the risks posed in litigation, the risk of loss in a particular case is a product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits. In cases where recovery is uncertain, an award of one third of the common fund as attorneys' fees has been found to be appropriate." *Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-0494-SI, 2018 WL 4495461, *15 (D. Or. Sept. 19, 2018) (internal citations and quotations omitted).

"Several courts in the Ninth Circuit have held in wage and hour class actions that a

30% or higher award is appropriate." *Bell v. Consumer Cellular, Inc.*, No. 3:15-CV-941-SI, 2017 WL 2672073, *12 (D. Or. June 21, 2017), citing *Miller v. CEVA Logistics USA, Inc.*, No. 2:13-CV-01321-TLN, 2015 WL 4730176, *8 (E.D. Cal. Aug. 10, 2015) (noting that courts in the Ninth Circuit "usually award attorneys' fees in the range of 30-40% in wage and hour class actions" where the common fund is under $10 million). Courts have commonly approved awards of approximately 33% in such cases. *Id.*, citing *Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 8526982, *9 (N.D. Cal. Dec. 11, 2015); *Lusby v. GameStop Inc.*, 2015 WL 1501095, *4 (N.D. Cal. Mar. 31, 2015); *Burden v. SeleciQuote Ins. Servs.*, 2013 WL 3988771, *5 (N.D. Cal. Aug. 2, 2013); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 450 (E.D. Cal. 2013); *Franco v. Ruiz Food Prod., Inc.*, No. 1:10-CV-02354-SKO, 2012 WL 5941801, *18 (E.D. Cal. Nov. 27, 2012); *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012); *Vasquez*, 266 F.R.D. 482; *Romero v. Producers Dairy Food Inc.*, 2007 WL 3492841, *4 (E.D. Cal. Nov. 14, 2007).

When using the percentage method, 25 percent is the "benchmark" fee award, but the Court may adjust this amount upward or downward when "special circumstances" warrant a departure. *In re Bluetooth*, 654 F.3d at 942. Courts must place in the record the relevant special circumstances. *Id.* Factors that a court may consider in making such a departure include: (1) the result obtained; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of nonpayment assumed by counsel; (7) the reaction of the class; (8) non-monetary or incidental benefits, including helping similarly situated persons nationwide by clarifying certain laws; and (9) comparison with counsel's lodestar. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Heritage Bond Litig.*, 2005 WL

1594403, at *18 (C.D. Cal. June 10, 2005).

Here, plaintiffs' counsel seeks an award of one third ($33,000) of the gross settlement fund ($99,000). Factors to be considered in justifying this upward departure are discussed as follows.

### A. The result obtained

Defendants own and operate a one-location restaurant. Plaintiffs and their counsel conducted an investigation into the ability of defendants to pay any judgment resulting from this case, as well as whether the cost of defending the case to trial would result in bankruptcy and reducing the real recoveries of the class/collective members. Upon review of the results of that investigation, and after extensive settlement negotiations over several months, a gross settlement figure of $99,000 was obtained, to be paid in three installments over the course of a year. Plaintiffs' counsel is of the opinion that this amount is in the upper range of what is actually recoverable in this case. This factor therefore supports the requested award.

### B. Counsel's experience and skill

Plaintiffs' counsel is both skilled and experienced in the area of wage-and-hour class and collective actions. He has specialized in that area for the past 16 years. His experience, training, reputation, accolades, media coverage, and wage-and-hour class-action history are detailed in paragraph 9 of the Declaration of Jon M. Egan filed herewith. This factor therefore supports the requested award.

### C. The complexity of the issues

This case involves relatively novel issues of interpretation of law that, while not necessarily "complex," certainly involve argument and interpretation in areas of the law with little to no precedential guidance. This factor therefore supports the requested

award.

### D. The risks of nonpayment assumed by counsel

Plaintiffs' counsel represents all of his class and collective action clients, including plaintiffs in this case, on a contingency basis, fronting all costs for plaintiffs and the class/collective, and assuming all risks of nonpayment. This factor therefore supports the requested award.

### E. The reaction of the class

There are 109 class members; none of them opted out.

There are 58 eligible FLSA collective and front-of-the-house class members eligible for the tip claim portion of the settlement. 17 of them opted in. Exhibit B to the Declaration of Jon M. Egan submitted herewith. [1] That is a 29.3% opt-in rate, well above the typical opt-in rates in similar FLSA or FLSA/state-claim hybrid cases. *See, e.g.*, Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 BERKELEY J. EMP. & LAB. L. 269, 292–94 (2008) (noting a nationwide opt-in average of 15.71%); Ellen C. Kearns, et al., *Employment Litigation: Emerging Trends in Wage & Hour Litigation After Dukes v. Wal-Mart*, 9 J.L. ECON. & POL'Y 347, 370–71 (2013) ("[F]rankly, employees are terrified of opting in. The opt-in rates in FLSA actions are varied but they range from below 10% (in the worst cases) to 15 to 20% (in the typical case) because people are worried that if they step forward, they'll be fired.").

---

[1] There were also 10 class members who submitted opt-ins but who were not eligible to be FLSA collective members due to having been back-of-the-house employees. This further demonstrates interest in the settlement by the class members. These are included in Exhibit B as well; Exhibit C identifies those eligible for tip claim damages. The three named plaintiffs are deemed to have opted in under the settlement agreement.

**Motion for award of fees/costs/expenses and service payments**   Page 6

This factor therefore supports the requested award.

## F. Non-monetary or incidental benefits, including helping similarly situated persons nationwide by clarifying certain laws

This was a one-location, one-state action, so there would be little nationwide law to glean from it. Further, the case settled before dispositive motions were decided, so there is no published clarification of laws in this case. This factor is neutral.

## G. The effort expended by class counsel, and comparison with counsel's lodestar

### 1. Standard for lodestar cross-check

In doing a lodestar cross-check, the Court is doing a higher-level analysis, not the detailed lodestar analysis required by the lodestar method of calculating attorney fees. The standard is described well in *Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-0494-SI, 2018 WL 4495461, at *16 (D. Or. Sept. 19, 2018): "In doing the lodestar cross check, the Court is not performing the detailed lodestar analysis it would have performed if it used the lodestar method to calculate Plaintiff's attorney's fees. For example, the Court will not analyze counsel's time entries in detail for duplicative billing, billing for administrative tasks, or block billing. The cross check is performed at higher level, to ensure the percentage-of-recovery method does not result in a fee that is unreasonable. But it does not require spending the amount of time that is required when performing the lodestar method of fee calculation—otherwise using the percentage-of-recovery method would not allow for the time-savings the Ninth Circuit anticipated when allowing the method in lieu of the often more time consuming task of calculating the lodestar." *Id.* (citations omitted). The Court considers the total hours asserted and a reasonable hourly rate. *Id.*

In addition to the usual hours-times-rate analysis of a regular lodestar calculation,

"[m]ultipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995); *see also*, 4 NEWBERG ON CLASS ACTIONS § 14.7 (stating that courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting 4 NEWBERG ON CLASS ACTIONS § 14.7). However, "[f]ees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 694 n.5 (9th Cir. 1991); *accord*, 5 NEWBERG ON CLASS ACTIONS § 15:93 (5th ed. Dec. 2020 update) (collecting cases). In other words, Class Counsel cannot earn "fees on fees." *Lesevic v. Spectraforce Techs. Inc.*, No. 19-CV-03126-LHK, 2021 WL 1599310, at *6 (N.D. Cal. Apr. 23, 2021).

The Ninth Circuit has emphasized that, despite often using the lodestar as a cross-check, there are weaknesses inherent in the lodestar analysis, and it need not limit the award of a reasonable attorney fee in any given case. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) ("We do not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly; in many instances, it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief. The lodestar method is merely a cross-check on the reasonableness of a percentage figure, and it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not

reward early settlement," citations omitted).

## 2. Lodestar cross-check in this case

As identified in paragraphs 10–11 of class counsel's declaration submitted herewith, class counsel calculates the lodestar at $83,888.40 based on 132.5 hours of attorney time at $505 per hour, 77.9 hours of paralegal time at $205 per hour, and $1,006.40 in costs and litigation expenses. Comparing the lodestar with the requested fee award of 33% of the settlement fund yields a multiplier of 0.39 (*i.e.*, the requested award of 33% of the common fund would award counsel less than 40% of the lodestar in this case).

This factor therefore supports the requested award.

## II. Service Payments

"Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit." *Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-0494-SI, 2018 WL 4495461, *12 (D. Or. Sept. 19, 2018). They are often taken from a common settlement fund. *Id.* Although incentive awards are "fairly typical in class action cases," they should be scrutinized carefully to ensure "that they do not undermine the adequacy of the class representatives." *Id.* Incentive agreements can undermine the adequacy of class representation, for example, when they are grossly disproportionate, when they incentivize class representatives to settle without considering whether trial might be more beneficial to the class, or when incentive awards are conditioned upon approving the settlement agreement. *Id.* Incentive awards "are particularly appropriate in wage-and-hour actions where plaintiffs undertake a significant 'reputational risk' by bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015). They "typically range from $2,000 to $10,000." *Id.*

Plaintiffs have pursued this case for the benefit of the class, postponing their recovery

**Motion for award of fees/costs/expenses and service payments**   Page 9

for over two years, spending time and effort meeting and speaking with counsel throughout the litigation, reviewing pleadings and documents, participating in the settlement negotiations, and searching for and producing documents. Nothing in the settlement or the proposed incentive awards indicates that the awards undermine plaintiffs' representation. The $5,000 service payments sought are similar in size to incentive awards granted to class representatives. *Id*.

## III. Conclusion

Plaintiffs and their counsel therefore move the Court for an Order:

1. Awarding one third of the gross settlement ($33,000) in the above-captioned case as attorney fees, costs, litigation expenses, and settlement administration expenses; and

2. Approving a service payment to each named plaintiff of $5,000.

Respectfully Submitted this October 8, 2021

                                         JON M. EGAN, PC

                                         *s/ Jon M. Egan*

                                         Jon M. Egan, OSB No. 002467
                                         Attorney for Plaintiffs