UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SUZANNE ROSENBERRY, STACEY COFFEY,
and OLIVER COFFEY,

        Plaintiffs,

v.

SUZANNE ROBERTI, MARCO ROBERTI, and
JOHN ROBERTI, JR., individuals; and ROBERTI
FOOD, LLC, an Oregon limited liability company,

        Defendants.

Case No. 3:20-cv-00026-YY

OPINION AND ORDER

YOU, Magistrate Judge.

        On November 12, 2021, the court approved the parties' settlement in this class action lawsuit brought by restaurant employees against their employers for violations of the Fair Labor Standards Act and other federal and state laws, and entered final judgment. ECF 37. As part of the settlement, the parties agreed that this court would have "continuing jurisdiction over any dispute or controversy arising from or related to the interpretation or enforcement of" the settlement agreement, ECF 28, at 22, and the court entered final judgment "on the terms provided in the Settlement Agreement." ECF 37.

1 – OPINION AND ORDER

Plaintiffs have filed a motion to enforce the settlement agreement (ECF 38), contending that defendants owe a supplementary interest payment of $10,000.36, plus interest, for failing to timely make the agreed-upon settlement payments. Defendants respond that plaintiffs are estopped from enforcing the deadlines under the settlement agreement because plaintiffs' counsel's actions led defendants to believe that the deadlines were different from those set forth in the settlement agreement. Further, defendants assert that their payments were timely because they substantially complied with the deadlines represented by plaintiffs' counsel. For the reasons set forth below, plaintiffs' motion is DENIED.

I.     **Equitable Estoppel**

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (1993) (citing *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir. 1990)). Thus, this court applies Oregon contract law in interpreting the parties' settlement agreement. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003) (holding Oregon law governed the construction and enforcement of the settlement agreements).

Under Oregon law, a party may claim the defense of equitable estoppel where there is (1) a false representation (2) made with knowledge of the facts (3) and the intention that it should be acted upon, (4) the party is unaware of the truth, and (5) the party is induced to act upon the representation. *Welch v. Washington County*, 314 Or. 707, 715–16 (1992). The Oregon Supreme Court has repeatedly applied equitable estoppel to excuse a tardy party where the party relied on misrepresentations of the proper deadlines. In *Johnson v. State Tax Commission*, the Oregon Supreme Court found that equitable estoppel excused the plaintiff's late submission where the county assessor had provided the plaintiff with a form listing the incorrect deadline.

2 – OPINION AND ORDER

248 Or. 460, 464 (1967). Similarly, in *Pilgrim Turkey Packers, Inc. v. Department of Revenue*, the court estopped the county assessor from denying the plaintiff's application for an exemption where the form's instructions were ambiguous "enough to mislead a reasonable person" and the defendant's staff had misinformed the plaintiff of the proper place for filing the form. 261 Or. 305, 309–10 (1972); *see also id.* (citing with approval *Farrell v. County of Placer*, 23 Cal. 2d 624, 628 (1944) (holding that the defendants were estopped from complaining of the plaintiff's late filing where they had informed the plaintiff that "it would be satisfactory" if she waited to determine the extent of her injuries before filing suit)).

Plaintiffs assert that, pursuant to the terms of the settlement agreement, defendants owe accrued interest at a rate of 9% on the $99,000 gross settlement amount (totaling $10,000.36), plus interest, because they made a late payment. Mot. Enforce Settlement 3, ECF 38. Plaintiffs contend that the settlement agreement required defendants to wire payments on January 13, 2022, June 14, 2022, and December 14, 2022, but defendants instead submitted payments on January 14, 2022, July 14, 2022, and January 17, 2023. Reply 2, ECF 43. Defendants argue that plaintiffs are estopped from enforcing the deadlines under the settlement agreement because plaintiffs' counsel led defendants to believe that the deadlines were January 14, 2022, July 14, 2022, and January 14, 2023. Resp. 2–3, ECF 40.

There is no question that plaintiffs' counsel sent the email reminders with the best intentions. Unfortunately, however, they were at least as misleading as the defendants' actions in *Johnson* and *Pilgrim Turkey Packers*. The emails stated that defendants were to remit payments on January 14, 2022, July 14, 2022, and January 14, 2023, and these incorrect representations were made several times: on the first business day after the court accepted the parties' settlement agreement, and shortly before every purported deadline. S. Roberti Decl., Ex.

3 – OPINION AND ORDER

A, ECF 41-1; *id.*, Ex. B., ECF 41-2 (emails from plaintiffs' counsel on November 15, 2021, January 11, 2022, June 30, 2022, December 30, 2022, and January 13, 2023).  Notably, even after defendants failed to make the first and second payments according to the settlement agreement, plaintiffs' counsel did not mention the tardiness of either payment, and continued to state that the final payment deadline was January 14, 2023.  S. Roberti Decl., Ex. B., ECF 41-2; Egan Decl. ¶ 2, ECF 39.

To be sure, defendants could have independently verified the payment deadlines by looking at the settlement agreement.  However, this does not preclude them from successfully asserting equitable estoppel.  The Oregon Supreme Court analyzed similar circumstances in *Johnson*.  There, the tax department had provided the plaintiff with three forms—two that listed the correct filing date, and one form that listed an old, incorrect date.  *Johnson*, 248 Or. at 462.  Ultimately, the court found that equitable estoppel applied, and refused to hold the plaintiff to the new filing date, noting the plaintiff's testimony that he had referenced the form with the wrong date, the plaintiff appeared to have acted in good faith, and the payment was only a few days late.  Similarly, here, plaintiffs' counsel repeatedly stated that the payment deadlines were January 14, 2022, July 14, 2022, and January 14, 2023, and defendants relied on those representations in good faith.  Moreover, defendants made all of the payments on the dates identified by plaintiff's counsel, except for the final payment, which was permissibly made on the first business day after the deadline, as explained below.  Under these circumstances, plaintiffs are estopped from holding defendants to the dates in the settlement agreement.

**II.    Final Payment and Computation of Time**

Plaintiffs claim that the final payment, which plaintiff's counsel represented was due on Saturday, January 14, 2023, is late because it was not submitted until the following business day,

4 – OPINION AND ORDER

January 17, 2023.[1]  Reply 2–3, ECF 43.  Because the court has not found, and the parties have not presented, binding precedent from the Oregon Supreme Court, this court must predict how the Oregon Supreme Court would decide this issue.  *Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 1131–32 (9th Cir. 2021).

In *First National Bank of Oregon v. Mobil Oil Corp.* the Oregon Supreme Court held that "acts to be performed as provided by contracts" on a Sunday can be completed on the next business day.  272 Or. 672, 679 (1975).  The court justified its decision, in part, because such a determination is consistent with the Oregon statute governing computation of time, O.R.S. 174.120, and the progeny of cases applying that statute to excuse filings submitted on the next business day following a Sunday deadline.  *Id.* at 680 ("We also believe that the adoption of such a rule is proper so as to provide a rule which is consistent with the rule established by decisions of this court under ORS 174.120."); *id.* at 676 (collecting cases).

In addition to Sundays and legal holidays, O.R.S. 174.120 also provides that Saturdays are excluded from the computation of time for deadlines.  Thus, applying the reasoning in *First National*, the Oregon Supreme Court would find that defendants' submission of payment on the next business day after a Saturday payment deadline is similarly permissible.[2]

---

[1] Monday, January 16, 2023, was a state and federal holiday.
[2] *First National* distinguished situations involving a court order or parties' contract that specifically designated a Sunday as the last day on which the act could be performed.  *See* 272 Or. at 678 (noting that the lease "did not specifically designate Sunday, March 31, 1974" as the deadline, but required that renewal notice be given "at least 30 days prior to the expiration" of the term).  Here, the settlement agreement stated that the payments were due 30 days, six months, and one year after the effective date of the settlement, i.e., the final approval date.  ECF 28, at 15-16, and 21.  Plaintiffs' counsel's emails designated "Saturday, January 14, 2023," as the deadline for the final payment.  However, these unilateral emails constituted the misrepresentations upon which defendants relied, and are readily distinguishable from a court order or a contract, which requires mutual assent.

5 – OPINION AND ORDER

**ORDER**

Plaintiffs' Motion to Enforce Settlement (ECF 38) is DENIED.

DATED May 4, 2023.

                                                      /s/ Youlee Yim You
                                                      Youlee Yim You
                                                      United States Magistrate Judge